IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO LANKO, | ) |
| | ) |
| Plaintiff, | ) Civil Action 2:21-1075 |
| | ) |
| vs. | ) |
| | ) |
| JOHN WETZEL et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Antonio Lanko has filed a "Motion for Reconsideration of Additional Discovery or Modification of Order for Additional Discovery." (ECF No. 77.) In his motion, Plaintiff requests that the Court reconsider its denial of certain discovery he sought from Defendants: (1) Defendant Magoon's positive COVID tests for the month of November 2020; (2) inmate positive COVID test results (but not the identity of the inmates) from December 12 to December 30, 2020; (3) a series of videos; and (4) "termination decrees."

Defendants' Response (ECF No. 79) opposes the relief sought by Plaintiff. As an initial matter, they assert that Plaintiff's motion is untimely. In that regard, the Court notes that on March 10, 2022, the Court issued orders (ECF Nos. 64, 65) denying Plaintiff's Motion for Leave to Receive Additional Discovery (ECF No. 59) and Motion to Leave and Receive Sensitive Documents as Additional Discovery (ECF No. 60). Another Motion to Receive Additional Discovery (ECF No. 69) was denied on March 30, 2022 (ECF No. 72). While Plaintiff asserts that the delay in seeking reconsideration was due to being housed in the RHU and not having access to the law library, Defendants state that if he had submitted a request, he would have been permitted to use the library.

Plaintiff's current motion was brought four months after the denial of his prior discovery motions and his stated reason for the delay in doing so is undercut by the fact that he could have sought permission to use the library and apparently failed to do so. Discovery closed on April 11, 2022. Plaintiff did not move for an extension of time to engage in further discovery and Defendants' motion for summary is now pending. For these reasons alone, Plaintiff's motion should be denied.[1]

Even if Plaintiff's motion is considered on the merits, however, it must be denied. Plaintiff has been provided with relevant information regarding Defendant Magoon's positive test results, work schedule and designated work locations. Plaintiff has provided insufficient justification to revisit the Court's prior ruling regarding his medical records (ECF No. 65). The fact that Defendant Magoon has produced a declaration regarding when he tested positive for COVID and may have told certain inmates or others that he did so does not represent a waiver of confidentiality of the entirety of his medical records.

The same is true with respect to Plaintiff's request for the COVID test results, without identification by inmate, of every inmate on the HB unit during the month of December 2020. Defendants note that they previously provided Plaintiff with information that his unit was on enhanced quarantine from November 17, 2020 to December 19, 2020. According to Defendants, this means that there was at least one positive case on the HB unit. Thus, Plaintiff has been supplied with sufficient information regarding the existence of COVID exposure in the unit where he was housed. In addition, Plaintiff has failed to show that this information has any relevance to

---

[1] In addition, while Plaintiff's motion is identified as a motion for reconsideration, some of the relief sought is for additional discovery, not for reconsideration of the denial of previous discovery requests. As noted above, the fact discovery deadline expired several months ago.

his claim that he was exposed to COVID as a result of wrongful conduct by Defendants and sustained damages as a result.

Plaintiff again requests the production of 44 videos. His request was denied in two previous orders (ECF Nos. 64, 72). As noted in the Court's prior orders, Defendants advise that these videos no longer exist, and the Court declines to reopen discovery in order to seek additional information from the Bureau of Investigations and Intelligence ("BII") regarding these videos. Unlike another lawsuit in which videos were preserved because a timely request was made to do so, Plaintiff has submitted no evidence that he made a timely request to preserve these videos.

Plaintiff has failed to identify the meaning of "termination decrees" or explain any possible relevance these documents may have. In a previous motion (ECF No. 69), Plaintiff sought the same documents, claiming that they would show how many "COVID violators" were fired or sanctioned. While it is still unclear what Plaintiff is asking for, to the degree that he seeks employee personnel files, this matter was addressed in two previous orders (ECF Nos. 64, 72) and Plaintiff has provided no new grounds to revisit it.

Therefore, for these reasons, Plaintiff's Motion for Reconsideration of Additional Discovery or Modification of Order for Additional Discovery (ECF 77) is DENIED.

SO ORDERED this 18th day of July, 2022.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge